SUMMERS, Justice.
Zyronne Beal, appellant, was charged by bill of information with simple burglary of the building and structure belonging to Travelodge Motel located at 2200 Westbank Expressway, Room 255, Harvey, Louisiana, in violation of Article 62 of the Criminal Code. In a trial by jury appellant was found guilty and sentenced to seven and one-half years at hard labor with credit for time served.
The evidence discloses that on August 26, 1975 Glen Trotter, the night desk clerk of the Travelodge Motel in Harvey, received a phone call from a female motel guest in room 253. She was on the verge of hysteria, saying she was alone in her room and sounds and noises from the next room led her to believe someone was breaking in. Trotter immediately checked the housekeeping sheet and learned that the adjoining room 255 was vacant. He left the office and approached room 255 cautiously. Finding the door ajar, he looked through the slightly open window curtains and saw appellant Beal lift the motel T.V. from the stand and put it on the bed.
When Beal walked toward the door Trotter retreated around the corner. From that vantage point he watched Beal leave the room. Trotter then returned to the front office, heard the alarm system for room 255 sounding and instructed someone to call the police.
Trotter then returned to look into room 255 where he saw Beal wrap the television set in a bedspread in preparing to leave the room. Again Trotter retreated around the corner and as Beal approached, Trotter shouted for him to halt. Surprised, Beal started to run, slipped, got up and started to run again when Trotter shouted, “Halt, or I’ll blow your head off.” Whereupon Beal “spread eagle on the ground.”
One ruling of the trial judge is relied upon by appellant Beal for reversal of the conviction and sentence.
During the trial Trotter testified on behalf of the State. He stated that he was called on the office telephone by a woman who was a guest in room 253. She reported that it sounded like someone was breaking into room 255 next door. Thereafter, on cross-examination by the defense, Trotter was asked for the name of the lady who called him. When he replied that he could not reveal that information, the trial judge ruled that the woman’s name was irrelevant.
Appellant argues that he had a constitutional and statutory right to the name of the woman who called because he was entitled to confront and cross-examine the witnesses against him under Article I, Section 16, of the Louisiana Constitution and Section 273 of Title 15 of the Revised Statutes. Trotter’s testimony concerning what the unnamed woman said during the phone conversation was hearsay, and, accordingly, the defendant argues, the accused was deprived of the right to confront her and cross-examine her.
In our view the testimony of the unnamed woman who alerted Trotter to the burglary that was taking place in the adjoining room was unnecessary to the State’s case. Her statement on the phone served only to explain how Trotter was alerted to the intruder and why he went to room 255. Her statements did not serve to establish the facts which implicated appellant in the burglary. The relevant facts were confirmed by Trotter’s eyewitness account. Trotter observed the defendant moving the television set in room 255; he halted the defendant in the act of departing, apprehending him at the scene with the T.V. and a number of motel keys. There was also testimony by Deputy Jerry Hall that an automobile parked in the vicinity with the trunk open was registered in appellant’s name.
The defense offered no evidence at the trial, relying on the presumption of innocence. The evidence presented by the State was therefore overwhelming and the ruling of the trial judge that the name of the woman who sounded the alarm was irrele *1014 vant did not prejudice the defense. La. Code Crim.Pro. art. 921.
For the reasons assigned, the conviction and sentence are affirmed.